1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                          EASTERN DISTRICT OF CALIFORNIA
10
11   SHEEMA KOLOFF,                        )  Case No.: 1:13-cv-02060 - LJO - JLT
                                           )
12              Plaintiff,                 )  ORDER DENYING DEFENDANT'S MOTION
                                           )  TO DISQUALIFY PLAINTIFF'S COUNSEL
13       v.                                )
                                           )
14   METROPOLITAN LIFE INSURANCE           )  (Doc. 12)
     COMPANY,                              )
15                                         )
                Defendant.                 )
16   _____)

17          Defendant Metropolitan Life Insurance Company ("MetLife") seeks to disqualify the law firm

18   of McKennon Law Group PC from its representation of Plaintiff Sheema Koloff in this action.  (Doc.

19   12.)  Plaintiff opposes the disqualification of her counsel, arguing MetLife has waived its right to seek

20   disqualification.  (Doc. 14.)  For the following reasons, MetLife's motion to disqualify Plaintiff's

21   counsel is **DENIED**.  Likewise, because the issues were set forth adequately in the pleadings, the

22   Court finds that oral argument is not needed.  L.R. 230(g).  Thus, the hearing on the motion is

23   **VACATED**.

24   **I.      Factual and Procedural History**

25          Plaintiff filed a complaint for the wrongful denial of benefits against MetLife in Kern County

26   Superior Court on November 15, 2010, which was removed to the District Court on February 3, 2011

27

28

                                               1

by MetLife, thereby initiating Case No. 1:11-cv-00195-AWI-JLT ("*Koloff I*").[1]   On June 16, 2011, Plaintiff, represented by McKennon | Schinlder LLP and Rice & Bloomfield, LLP, filed a first amended complaint, for monetary damages under the Employee retirement Income Security Act of 1974.   (*Koloff I*, Doc. 17.)   Plaintiff alleged that MetLife's denial of her claim "for long term disability benefits on the grounds that she had a pre-existing condition" was "an abuse of discretion."   (Doc. 1 at 5, 8.) According to Plaintiff, MetLife had "engaged in procedural violations of its statutory obligations under ERISA, including, but not limited to, failing to identify the medical staff that reviewed her file and failing to provide a complete copy of all documents, records, and other information relevant to her claim."   (*Id.* at 5.)   The defendants filed an answer on June 30, 2011, asserting: "MetLife conducted an appropriate and thorough investigation regarding Koloff's claim for [long-term disability] benefits." (*Koloff I*, Doc. 19 at 5.)

The parties filed a Joint Scheduling Report on July 27, 2011, which noted that "Plaintiff never pursued an administrative appeal of th[e] adverse claim decision."   (*Koloff I*, Doc. 21 at 2.)   In addition, the defendants indicated that they "anticipate[d] filing a motion to disqualify counsel for Plaintiff due to a conflict of interest."   (*Id.* at 4.)   However, the defendants did not file a motion to disqualify Plaintiff's counsel.

On January 5, 2012, the Court conducted a settlement conference with the parties, at which the Court raised the issue of Plaintiff's failure to complete an administrative appeal.   (*Koloff I*, Doc. 35 at 1.)   Following briefing by the parties on the issue of exhaustion, the Court determined Plaintiff failed to appeal the administrative decision or show that appeal would have been futile. (*Koloff I*, Doc. 52 at 4-7) Therefore, the Court found the matter should be dismissed, rather than remanded, based upon Plaintiff's failure to exhaust her administrative remedies.   (*Id.* at 8.)   The action was dismissed without prejudice on February 22, 2012.   (*Id.*)

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The accuracy of court records cannot reasonably be questioned, and judicial notice may be taken. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980). Therefore, judicial notice is taken of pleadings and Court orders issued in *Koloff v. Metropolitan Life Ins. Co.*, Case No. 1:11-cv-00195-AWI-JLT.

According to Plaintiff, after the Court dismissed the action, she "appealed MetLife's denial of her claim for long-term disability benefits" with a letter dated June 1, 2012.  (Doc. 2 at 8, ¶ 22.) Plaintiff alleges "MetLife acknowledged the appeal" on July 19, 2012, and "[i]mmediately thereafter, in a letter dated July 20, 2012, MetLife reversed its wrongful denial decision." (*Id.* at 9, ¶¶ 23-24.) Further, MetLife notified Plaintiff that the company would "consider her total disability status for the first time and requested additional information regarding Plaintiff's disability." (*Id.*, ¶ 25.)  Plaintiff asserts that from October 12, 2012 to September 6, 2013, she submitted additional information to MetLife regarding her disability status, including physicians' medical reports. (*Id.* at 9-10, ¶¶ 26-29.) On September 6, 2013, "Plaintiff informed MetLife that she expected a response to her letter within the forty-five day statutory period required to respond to a claimant's appeal under Code of Federal Regulations section 2560.503-1(i)." (*Id.* at 10, ¶ 30.)

On December 17, 2013, Plaintiff initiated the action now pending before the Court, asserting MetLife had failed to respond to her appeal, and her administrative remedies had been exhausted. (Doc. 2 at 11, ¶¶ 32-33.)  MetLife was served with the summons on December 19, 2013.  (Doc. 5.)  The next day, "MetLife sent a letter to Plaintiff . . . informing her that her claim for [long term disability] benefits had been approved." (Doc. 10 at 5.)  Accordingly, MetLife began to pay Plaintiff's benefits. (*Id.*)

In the joint scheduling report filed by the parties on April 2, 2014, the parties notified the Court of MetLife's intent to file a motion to disqualify the McKennon Law Group ("McKennon") from representation of Plaintiff.  (Doc. 10 at 5-6.)  MetLife asserts McKennon "is vicariously disqualified due to its employment of Scott Calvert," who was "formerly employed by MetLife's counsel, Barger & Wolen LLP." (*Id.* at 6.)  MetLife asserted that it "anticipate[d] filing its motion to disqualify McKennon Law Group PC within the next two weeks." (*Id.*, emphasis omitted.)  In light of the information provided by the parties, the Court continued the Scheduling Conference and ordered MetLife to file any motion to disqualify counsel no later than April 25, 2014.  (Doc. 11.)

Rather than filing within two weeks, MetLife filed its motion to disqualify McKennon, on April 25, 2014.  (Doc. 12.)  Plaintiff filed her opposition on May 28, 2014 (Doc. 14), to which MetLife filed a reply on June 4, 2014 (Doc. 15).

## II.    Disqualification of Counsel

Motions for disqualification of counsel are governed by state law. *In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000).  California law seeks to "protect the confidentiality of the attorney-client relationship," and prohibits attorneys from accepting "employment adverse to the … former client" without the former client's written consent if the attorney "has obtained confidential information material to the employment." *People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1146 (1999) (quoting Cal. R. of Prof. Conduct 3-310(E)).  Consequently, "[a] former client may seek to disqualify a former attorney from representing an adverse party by showing the former attorney actually possesses confidential information adverse to the former client." *H. F. Ahmanson & Co. v. Salomon Bros.*, 229 Cal.App.3d 1445, 1452 (1999).

Importantly, "actual possession of confidential information need not be proved in order to disqualify the former attorney.  It is enough to show a 'substantial relationship' between the former and current representation." *Ahmanson*, 229 Cal.App.3d at 1452 (citation omitted).  The determination of whether a substantial relationship exists requires "an inquiry into the similarities between the two factual situations, the legal questions posed, and the nature and extent of the attorney's involvement with the cases." *Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft*, 69 Cal.App.4th 223, 234 (1999) (citation omitted).  In addition, the Court should consider "the time spent by the attorney on the earlier cases, the type of work performed, and the attorney's possible exposure to formulation of policy or strategy." *Id.* (citing *Ahmanson*, 229 Cal.App.3d at 1455).

When the party seeking disqualification demonstrates a substantial relationship exists, "access to confidential information by the attorney in the course of the first representation . . . is *presumed* and disqualification of the attorney's representation of the second client is mandatory." *Flatt v. Superior Court*, 9 Cal. 4th 275, 283 (1994) (emphasis in original).  Furthermore, "the disqualification extends vicariously to the entire firm." *Id.*; *see also Henriksen v. Great American Savings & Loan*, 11 Cal.App.4th 109, 117 (1992) ("where an attorney is disqualified because he formerly represented and … possesses confidential information regarding the adverse party in the current litigation, vicarious disqualification of the entire firm is compelled as a matter of law").

The disqualification of counsel is "generally disfavored and should only be imposed when

absolutely necessary." *Concat LP v. Unilever, PLC*, 350 F.Supp.2d 796, 814 (N.D. Cal. 2004); *see also Sharp v. Next Ent. Inc.*, 163 Cal.App.4th 410, 424 (2008).  A court should consider a party's right to choose counsel, the interest in representing a client, the burden placed on a client to find new counsel, and the possibility that "tactical abuse underlies the disqualification motion." *SpeeDee Oil Change Sys.*, 20 Cal.4th at 1145.  Ultimately, whether counsel should be disqualified is a matter committed to the discretion of the Court, which is responsible "for controlling the conduct of lawyers."  *Gas-A-Tron of Ariz. v. Union Oil Co. of Cal.*, 534 F.2d 1322, 1325 (9th Cir.1976), *cert. denied* 429 U.S. 861 (1976).

**III.    Discussion and Analysis**

MetLife reports that Scott Calvert was employed as an associate at Barger & Wolen LLP from 2001 to 2011, during which time he represented MetLife in approximately 55 long-term disability claim disputes.  (Doc. 12 at 8.)  MetLife asserts, "Most, if not all, of those cases involved factual and legal issues relating to MetLife's long-term disability claims handling process, including the nature and extent of the Company's internal and independent medical records review in connection with claims for disability and life insurance benefits."  (*Id.* at 10-11.)  McKennon hired Calvert in March 2011.  (Doc. 14 at 7.)  MetLife argues McKennon should be disqualified from representing Plaintiff, because Calvert "is conclusively presumed to have acquired MetLife's confidential information," which "is imputed to the firm through Calvert."  (Doc. 12 at 15, 18 emphasis omitted) (*see also id.* at 15-19.)

Even when there is a conflict of interest, a party may "impliedly waive his objection and consent to the adverse representation" by a former attorney.  *Trust Corp. of Montana v. Piper Aircraft Corp.*, 701 F.2d 85, 87 (9th Cir. 1983).  The Ninth Circuit explained that "[i]t is well settled that a former client who is entitled to object to an attorney representing an opposing party on the ground of conflict of interest but who knowingly refrains from asserting it promptly is deemed to have waived that right."  *Id.* (citing *Central Milk Producers Co-op v. Sentry Food Stores,* 573 F.2d 988, 992 (8th Cir. 1978); *Redd v. Shell Oil Co.,* 518 F.2d 311, 315 (10th Cir. 1975).

Under California law, if a former client "inexcusably postpone[]s objections," the court may find delay "forecloses the former client's claim of conflict."  *River West, Inc. v. Nickel*, 188 Cal.App.3d 1297, 1309 (1987).  When the present client "offers prima facie evidence of an unreasonably delay by the former client in making the motion and resulting prejudice to the current client," "[t]he burden

5

1   shifts back to the party seeking disqualification to justify the delay."  *Id.*

2         **A.**    **Plaintiff has shown prima facie evidence of unreasonable delay.**

3         Here, Plaintiff asserts that MetLife's counsel contacted McKennon "in or around July 2011 and

4   raised the issue of a potential conflict of interest because Mr. Calvert was an associate at the Firm."

5   (Doc. 14 at 9.)  Indeed, in the joint scheduling report filed in *Koloff I* on July 27, 2011, MetLife

6   informed the Court that it "anticipate[d] filing a motion to disqualify counsel for Plaintiff due to a

7   conflict of interest."  (Doc. 14 at 10.) However, no motion was filed.  Because MetLife has been aware

8   of the potential conflict of interest since that time, and thus knew of the conflict at the inception of the

9   matter now before the Court, Plaintiff has presented prima facie evidence of unreasonable delay.

10        **B.**    **MetLife fails to justify its unreasonable delay.**

11        Once a party has demonstrated prima facie evidence of an unreasonable delay, the party seeking

12  disqualification must show the delay was justified by addressing " (1) how long it has known of the

13  potential conflict; (2) whether it has been represented by counsel since it has known of the potential

14  conflict; (3) whether anyone prevented the moving party from making the motion earlier, and if so,

15  under what circumstances; and (4) whether an earlier motion to disqualify would have been

16  inappropriate or futile and why."  *River West,* 188 Cal.App.3d at 1309.

17        Here, MetLife acknowledges that it "has been aware of the conflict … since shortly after *Koloff*

18  *I* was filed."  (Doc. 15 at 12.)  However, MetLife asserts its "decision not to challenge the McKennon

19  Firm's representation in *Koloff I* prior to the Court's ruling on the exhaustion issue in *Koloff I*, has no

20  bearing whatsoever on whether MetLife may challenge the Firm's representation of Plaintiff in this

21  action."  (*Id.* at 9-10) (citing *Barquis v. Merchants Collection Ass'n,* 7 Cal.3d 94, 118 (1972) (a party's

22  failure to move for a change of venue in an earlier litigation "cannot properly be considered a 'waiver'

23  of [its] venue rights" in the current litigation)).  MetLife argues it never withdrew its objection to

24  McKennon's representation of Plaintiff during the administrative appeal, and the company "was not

25  represented by counsel during the administrative appeal process."  (*Id.* at 10.)  However, MetLife does

26  not address whether it was prevented from making the motion earlier, or whether the motion would

27  have been inappropriate or futile.  *See River West,* 188 Cal. App. 3d at 1309.

28        MetLife's assertion that this case should be treated as a completely separate action from *Koloff I*

is not persuasive.  The factual allegations in the complaints are intertwined and ultimately seek the same relief—the award of long-term disability benefits[2] and attorney fees for Plaintiff.  However, *even if* the Court were persuaded that it should ignore the prior action, MetLife waited more than four months after receiving the summons in this action to file a motion to disqualify counsel.  Such a delay may be sufficient to warrant the denial of a motion to for disqualification.  *See, e.g., Openwave Sys. v. Myriad France S.A.S.*, 2011 U.S. Dist. LEXIS 35526 at *15-18, 2011 WL 1225978 at *6-7 (N.D. Cal. Mar. 31, 2011) (finding the delay of four months warranted a denial of the motion to disqualify counsel).  Indeed, although MetLife asserted that it anticipated filing a motion to seek disqualification by April 15, 2014, MetLife waited until the Court-ordered deadline of April 25, 2014 to file the motion. MetLife has shown no urgency seeking disqualification of counsel in this action, and completely failed to do so in *Koloff I*.  Because MetLife did not seek disqualification in *Koloff I*, McKennon continued its representation of Plaintiff, and has now been representing her for more than three years *on the same application for benefits*.  Based upon these facts, MetLife has failed to meet its burden to show its delay was justified.

Moreover, the only matters remaining before the Court with regards to Plaintiff's claim for long-term disability benefits are whether she is entitled to attorney fees and costs, and, if so, the amount to be awarded to McKennon.  (*See* Doc. 10 at 5, 9.)  Plaintiff would most certainly be prejudiced by having to seek new counsel, whose only action would be to file a motion requesting attorney fees and costs based upon the work performed by McKennon.

## IV.     Conclusion and Order

Even assuming a conflict exists, MetLife unreasonably delayed in seeking to have McKennon disqualified.  The filing of a motion to disqualify McKennon as counsel at this juncture seems to be only tactically motivated.  Accordingly, the Court finds MetLife impliedly waived its right to seek disqualification by not filing a motion in *Koloff I* and waiting more than four months to seek disqualification in the matter now pending before the Court.

///

---

[2] Actually, as the parties admit, the case is no longer about whether Plaintiff should be awarded long term benefits and is *only* about whether she can recover fees. (Doc. 10 at 5, 9.)

7

1    Based upon the foregoing, **IT IS HEREBY ORDERED**:  MetLife's motion for disqualification

2  of Plaintiff's counsel is **DENIED**.

3

4  IT IS SO ORDERED.

5    Dated:   **June 9, 2014**             _____**/s/ Jennifer L. Thurston**

6                                         UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28