# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEEMA KOLOFF, <br><br>       Plaintiff, <br><br>    v. <br><br> METROPOLITAN LIFE INSURANCE COMPANY dba MetLife, INC., et al., <br><br>       Defendants. | Case No.: 1:13-cv-02060 AWI JLT <br><br> ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S REQUEST TO SEAL DOCUMENTS |

Before Court is the request, lodged by Defendants to seal the entire Administrative Record provided to the Court on a compact disc. For the reasons set forth below, the request is **DENIED WITHOUT PREJUDICE**.

**I.     Legal Authority**

The request to seal documents is controlled by Federal Rule of Civil Procedure 26(c). The Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

1

Generally, documents filed in civil cases are presumed to be available to the public. <u>EEOC v. Erection Co.</u>, 900 F.2d 168, 170 (9th Cir. 1990); see also <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178 (9th Cir.2006); <u>Foltz v. State Farm Mut. Auto Ins. Co.</u>, 331 F.3d 1122, 1134 (9th Cir.2003). Documents may be sealed only when the compelling reasons for doing so outweigh the public's right of access. <u>EEOC</u> at 170. In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." <u>Valley Broadcasting Co. v. United States District Court</u>, 798 F.2d 1289, 1294 (9th Cir. 1986).

Notably, this Court's Local Rule 141 sets forth, procedurally, how a request to seal documents should proceed. First, the requesting party should file on the public docket a Notice of Request to Seal Documents. L.R. 141(a). Concurrently with this filing, the requesting party must lodge a Request to Seal Documents which addresses the specific pages of the documents sought to be sealed, the information contained therein and explanation for why the information should be shielded from public view. L.R. 141(b). Ideally, at this time, Defendant would lodge also a proposed redacted copy of the documents with the private information obliterated. The email containing this lodged information must be copied to opposing counsel. Then, if there is no objection to the request to seal[1] (L.R. 141(c)), the Court must determine whether each of the pages of the document should be shielded from public view or to what extent they should be.

Notably, here, Defendant asserts that,

> It is necessary to file the Administrative Record with the Court for the following reasons. MetLife's opposition to Plaintiff's Motion for Attorneys' Fees, which is being filed concurrently with the Request to Seal Documents, cites to several pages in the Administrative Record. The Court therefore needs access to the complete Administrative Record in connection with its review of MetLife's opposition as well as Plaintiff's moving and reply papers.
>
> In total, there are 692 pages of documents in the Administrative Record, many of which contain personal and private information relating to Plaintiff, including numerous references to her personal data identifiers, such as her Social Security Number, date of birth, medical information, financial information and home address.

---

[1] Again, ideally, the request to seal will be a joint request. Though the Court cannot fathom that Plaintiff would object to having her private information filed under seal, she is entitled to consider the request and object as needed.

(Defendant's Lodged Request to Seal Documents at 2)  Though the Court recognizes Defendant's good motives in attempting to protect Plaintiff's confidential information from view, Defendant is required to seek sealing *only* as to the particular pages that should be sealed.  L.R. 141(b).  As noted above, Defendant is concerned about only "many" of the pages of the Administrative Record out of the nearly 700 pages of information contained therein.  Thus, it appears that most of the document need not be sealed.  However, this Court lacks the resources to cull through the 700 pages of the Record to determine which pages are at issue.  It appears that only a handful of pages of the Record are referenced by the motion for attorney's fees.[2]  Thus, in the event Defendant renews this request, Defendant should focus its efforts on determining what information on the specific pages should be sealed and only these specific pages should be lodged with the request.  Again, as to these pages, Defendant must explain what information should be sealed and why.[3]  L.R. 141 (b).  The pages at issue must be Bate stamped and "paginated consecutively so that they may be identified without reference to their content, and the total number of submitted pages shall be stated in the request."  L.R. 141(b).  Defendant must consult Local Rule 141 for the specifics of how to proceed.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Defendants' request to seal is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated:   **July 2, 2014**                            **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE

---

[2] In the event that Defendant's request is granted ultimately, there will be a public filing of the documents with the sealed information redacted and a sealed, unredacted copy placed on the docket. If ordered, Defendant will be required to file the public version on the docket and the Court will file the sealed version.

[3] For example, the Court is unclear why declarations authenticating the record need be sealed. The declaration does not identify any confidential information, at least as far as the Court can see at this time.