UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEEMA KOLOFF,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No.: 1:13-cv-02060 - LJO - JLT<br><br>ORDER DENYING DEFENDANT'S EX PARTE APPLICATION FOR CONTINUANCE OF THE HEARING ON PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS<br><br>(Doc. 30) |

　　　　Defendant, Metropolitan Life Insurance Company, Inc., filed an ex parte application for a continuance of the hearing on the motion for attorney fees and costs filed by Plaintiff, Sheema Koloff. (Doc. 30.) MetLife notes that Plaintiff objected to the admissibility of the Administrative Record, asserting that it was not properly authenticated and constituted hearsay. (*Id.* at 2.) Therefore, MetLife seeks the continuance "to cure any potential, technical deficiencies in the authentication if the Court is inclined to sustain Plaintiff's evidentiary objections." (*Id.*)

　　　　However, the Court finds there is no need for MetLife to re-file the declaration of Ms. Broadwater. (Doc. 20-2 at 2.) Though the Court denied the original request to seal, this did not have the effect of striking the declaration from the docket.

　　　　On the other hand, in ERISA cases, hearsay objections to the administrative record are not well-

taken.[1] Black v. Long Term Disability Ins., 582 F.3d 738, 746 n. 3 (7th Cir. 2009) ("The Federal Rules of Evidence, however, do not apply to an ERISA administrator's benefits determination, and we review the entire administrative record, including hearsay evidence relied upon by the administrator."); Herman v. Hartford Life & Acc. Ins. Co., 508 F. App'x 923 at *928 (11th Cir. 2013) ("[T] the district court's review was limited only by what was available to the plan administrator, not by the Federal Rules of Evidence."). Though the Court is not directly being asked to make a merits determination in this motion, to some degree, that is exactly what is being asked. Plaintiff has placed squarely at issue the claim that her litigation *caused* MetLife to grant her benefits. How this can be evaluated without consideration of the administrative record is difficult to fathom.

Moreover, to determine Plaintiff's entitlement the Court will consider the Hummel[2] factors such that review of the administrator's actions *must* occur despite the hearsay nature of the administrative record.[3] In apparent recognition of this fact, a great deal of Mr. McKennon's declaration filed in support of the motion for fees relies upon the administrative record or hearsay statements made during that process. (Doc. 17-1 at 10-13)

///
///
///
///
///

---

[1] Notably, in at least one instance, the court found the administrative record to fall within the business records exception to hearsay without need for a declaration making this showing. Adair v. El Pueblo Boys' & Girls' Ranch, Inc., 2008 WL 792031 at *9 (D. Colo. Mar. 20, 2008).

[2] Hummel v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir 1980) requires consideration of "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions." If the administrative record is not considered, the Court is at a loss to understand how it can evaluate factors (1), (3), (4) or (5).

[3] In Bigley v. Ciber, Inc., 2012 WL 5494660 at *6 (D. Colo. Nov. 13, 2012), the Court held, "Likewise, plaintiff's position that the administrative record cannot contain inadmissible hearsay reflects counsel's continuing failure to understand the procedure in an ERISA case. The administrative record is what it is. If it contains hearsay that would be inadmissible in a court of law under the Federal Rules of Evidence, so be it. The rules of evidence do not apply to what the plan or third party administrator may consider in evaluating a long term disability claim. If they rely on unreliable evidence, then that could and should be considered by the reviewing court in making a determination as to whether to affirm or reverse the decision of the administrators. However, the Court does not exclude evidence that is part of the record considered below, nor certainly would the record be restricted to those documents to which plaintiff consents."

Finally, in general, courts routinely consider *only* the administrative record when determining whether fees should be granted in ERISA cases.[4] Therefore, MetLife's ex parte request to continue the hearing to allow the filing of an amended declaration is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 10, 2014**                         /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE

---

[4] The declaration of the moving party's attorney is considered only *after* the court has determined that fees will be awarded for the purpose of determining the amount to be awarded.

3